# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN DIAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WILLIAM AVILA, et al.,<br><br>　　　　Defendants. | Case No. 1:24-cv-00354-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANTS' MOTION TO DISMISS AND DIRECTING THE CLERK OF THE COURT TO RANDOMLY ASSIGN THIS MATTER TO A DISTRICT JUDGE<br><br>(ECF No. 4)<br><br>OBJECTIONS DUE WITHIN TWENTY-ONE (21) DAYS |

Currently before the Court is Defendants' motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 4.)

Following amendment of the Local Rules effective March 1, 2022, a certain percentage of civil cases shall be directly assigned to a Magistrate Judge only, with consent or declination of consent forms due within 90 days from the date of filing of the action. L.R. App. A(m)(1). This action has been directly assigned to a Magistrate Judge only. Not all parties have appeared or filed consent or declination of consent forms in this action yet. Pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 302(c)(7), and Local Rule Appendix A, subsection (m), the Court shall direct the Clerk of the Court to assign a District Judge to this action and the Court shall issue findings and recommendations as to the pending motion to dismiss.

For the reasons explained below, the Court recommends that Defendants' motion to dismiss be granted with leave to amend. Plaintiff is required to comply with the legal standard set forth below in setting forth his claims in any amended complaint.

## I.

## BACKGROUND

Sean Dias ("Plaintiff"), proceeding *pro se*, filed this civil rights action in the California Superior Court in the County of Tulare on March 7, 2024, alleging violations of the First and Fourth Amendments of the United States Constitution. (Compl., ECF 1 at 6-14.[1]) Plaintiff alleges that on March 30, 2022, at Santa Fe Street and Center Avenue in Visalia, California, Defendants violated his rights under the Fourth Amendment of the United States Constitution by a "pretextual traffic stop, illegal search including warrantless blood draw without probable cause, consent or legally justifying exigent circumstances." (Compl. 10.) Plaintiff alleges a battery claim under California law based on the allegedly illegal blood draw. (Compl. 11.)

Plaintiff also alleges that Defendants Avila and Garay and the State of California violated his rights under the First Amendment in response to his criticism and complaints about June 8, 2021, among other dates. Around June 10, 2021, Plaintiff attempted to file a written complaint about his mistreatment by Defendants Avila and Garay, including pretextual traffic stops but was denied a form to do so. Plaintiff alleges retaliation by a series of pretextual traffic stops ostensibly premised upon false reasons but that were taken with a retaliatory motive, including June 8, 2021, through the date of Plaintiff's arrest on March 30, 2022. (Compl. 12.)

Finally, Plaintiff brings a claim for conversion under California law against Defendants Avila and Garay, stating on March 30, 2022, at Santa Fe Street and Center Avenue in Visalia, California, there was "[t]heft-conversion of Plaintiff's dash camera, 2 Baofeng radios-scanners from Plaintiff's vehicle." (Compl. 13.)

On March 26, 2024, William Avila and Dominick Garay ("Defendants") removed this action to the Eastern District of California. (ECF No. 1.) On March 27, 2024, Defendants filed a

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Defs.' Mot. Dismiss ("Mot."), ECF No. 4.) The motion to dismiss was served on Plaintiff at his address of record on March 27, 2024. (Cert. of Service, ECF No. 4 at 3.) On April 15, 2024, Defendants filed a notice that no opposition to the motion to dismiss had been served. (ECF No. 5.)

## II.

## LEGAL STANDARDS

### A. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). In deciding a motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). The pleading standard under Rule 8 of the Federal Rules of Civil Procedure does not require " 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true. Iqbal, 556 U.S. at 678-79. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. To avoid a dismissal under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

In deciding whether a complaint states a claim, the Ninth Circuit has found that two principles apply. First, to be entitled to the presumption of truth the allegations in the complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). Second, so that it is not unfair to require the defendant to be subjected to the expenses associated with discovery and continued

1  litigation, the factual allegations of the complaint, which are taken as true, must plausibly
2  suggest an entitlement to relief. Starr, 652 F.3d at 1216. "Dismissal is proper only where there
3  is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable
4  legal theory." Navarro, 250 F.3d at 732 (citing Balistreri v. Pacifica Police Dept., 901 F.2d 696,
5  699 (9th Cir.1988)).

### B. Section 1983

Plaintiff's claims alleging violations of his constitutional rights arise under 42 U.S.C. § 1983. Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim under section 1983, Plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long, 442 F.3d at 1185. There is no *respondeat superior* liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677.

To bring a claim under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Further, the complaint must allege that every defendant acted with the requisite state of mind to violate the underlying constitutional provision. OSU Student Alliance v. Ray, 699 F.3d 1053, 1070 (9th Cir. 2012).

### III.

### DISCUSSION

Defendants bring the instant motion arguing that the complaint fails to state sufficient facts to show an entitlement to relief above the speculative level for each of the causes of action. (Mot. 1.) Defendants allege that Plaintiff's complaint is devoid of any content that can be properly recognized as a factual allegation that is to be afforded the presumption of truth in evaluating whether he has stated a cognizable claim. (Mot. 3.) Defendants contend that the only

discernable factual content from Plaintiff's complaint is that he interacted with Defendants on March 30, 2022, and there are no facts alleged regarding what transpired on that date that would support a claim. (Mot. 4.)

Defendants contend that Plaintiff's Fourth Amendment cause of action merely provides legal conclusions and is void of any facts regarding how the traffic stop was pretextual or how any search or the blood draw was illegal under the circumstances. Defendants argue that each cause of action is similarly deficient because all are pled in the same conclusory fashion without any facts that would state a plausible claim for relief. (Mot. 4.)

Defendants seek to have the motion to dismiss granted and for Plaintiff to be ordered to state his claims consistent with the federal pleading standards. (Mot. 5.)

**A.  Fourth Amendment Claims**

The Fourth Amendment provides that 'the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. U.S. Const. amend. IV. "[T]he Fourth Amendment is enforceable against the States through the Fourteenth Amendment." Camara v. Mun. Court of City & Cty. of San Francisco, 387 U.S. 523, 528 (1967). "To establish a viable Fourth Amendment claim, a plaintiff must show not only that there was a search and seizure as contemplated by the Fourth Amendment, but also that said search and seizure was unreasonable and conducted without consent." Rakas v. Illinois, 439 U.S. 128, 143 (1978); United States v. Rubio, 727 F.2d 786, 796–97 (9th Cir. 1983).

A police officer may make a brief investigatory stop to investigate possible criminal behavior when he has reasonable suspicion that criminal activity may be afoot. U.S. v. Montero-Camargo, 208 F.3d 1122, 1129 (9th Cir. 2000). The officer "must be able to articulate more than an 'inchoate and unparticularized suspicion' or 'hunch' of criminal activity." Montero-Camargo, 208 F.3d at 1129 (quoting Illinois v. Wardlow, 120 S.Ct. 673, 676 (2000)). "[R]easonable suspicion exists when an officer is aware of specific, articulable facts which, when considered with objective and reasonable inferences, form a basis for particularized suspicion." Montero-Camargo, 208 F.3d at 1129. This requires an assessment based on the totality of the circumstances and the circumstances must arouse reasonable suspicion that the particular

1 individual being stopped has committed or is about to commit a crime.  Id.

2  Plaintiff alleges that on March 30, 2022, at Santa Fe Street and Center Avenue in Visalia, California, Defendants violated his rights under the Fourth Amendment of the United States Constitution by a "pretextual traffic stop, illegal search including warrantless blood draw without probable cause, consent or legally justifying exigent circumstances."  (Compl. 10.)  Here, Plaintiff has merely alleged a cause of action, violation of the Fourth Amendment, along with mere conclusory statements of an illegal search and seizure which do not suffice to state a plausible claim.  Iqbal, 556 U.S. at 678.

   1. Pretextual traffic stop

"It is well established that a vehicle stop ... effectuates a seizure within the meaning of the Fourth Amendment."  United States v. Orozco, 858 F.3d 1204, 1210 (9th Cir. 2017) (quoting City of Indianapolis v. Edmond, 531 U.S. 32, 40 (2000)).  "A pretextual stop occurs when the police use a legal justification to make the stop in order to search a person or place, or to interrogate a person, for an unrelated serious crime for which they do not have the reasonable suspicion necessary to support a stop."  United States v. Hernandez, 55 F.3d 443, 445 (9th Cir. 1995) (quoting United States v. Cannon, 29 F.3d 472, 474 (9th Cir.1994) and United States v. Guzman, 864 F.2d 1512, 1515 (10th Cir.1988)).

 While Plaintiff alleges that there was a pretextual traffic stop, the subjective motivation of the officers does not invalidate a search where reasonable suspicion exists that an individual is engaged in criminal activity.  Whren v. United States, 517 U.S. 806, 812 (1996); see also Orozco, 858 F.3d at 1210 ("Where the circumstances of a vehicle stop, viewed objectively, are sufficient to justify the detention based on either reasonable suspicion or probable cause that a crime has been committed, the subjective intent of the law enforcement officers is irrelevant."); United States v. Cruz, 400 F.Supp.3d 844, 851 (D. Ariz. 2019) ("Even if a stop is pretextual, it does not violate the Fourth Amendment if it was supported by reasonable suspicion.").  Plaintiff has alleged no facts to support the allegation that the traffic stop violated the Fourth Amendment. Plaintiff has failed to state a cognizable claim based on the traffic stop.

///

2. <u>Warrantless blood draw</u>

Generally, a blood test obtained without a warrant or consent violates the Fourth Amendment's prohibition against unreasonable search and seizure. <u>Birchfield v. North Dakota</u>, 579 U.S. 438, 474 (2016). A warrantless blood test may only be obtained where exigent circumstances exist based on a case-by-case assessment of all the facts and circumstances of the particular case. <u>Birchfield</u>, 579 U.S. at 457 (citing <u>Missouri v. McNeely</u>, 569 U.S. 141, 151 (2013)).

While Plaintiff alleges a warrantless blood draw without his consent, he has merely recited the elements of the cause of action without any factual allegations that would lead the Court to reasonably infer that the named defendants are liable for the conduct alleged. <u>Iqbal</u>, 556 U.S. at 678. To state a claim, a plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. <u>Jones</u>, 297 F.3d at 934. The mere allegation that Plaintiff was subjected to a warrantless blood draw without his consent or any exigent circumstances fails to state any facts by which the Court can conclude that his rights were violated, nor does it link any conduct by Defendants Avila or Garay to the alleged violation of his rights. Plaintiff has failed to state a cognizable claim based upon the alleged blood draw.

3. <u>Conclusion</u>

To avoid a dismissal under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face[,]" <u>Twombly</u>, 550 U.S. at 570, and Plaintiff's complaint is devoid of any allegations by which the Court could reasonably infer that Defendants' conduct violated the Fourth Amendment, <u>Iqbal</u>, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Plaintiff has failed to state a claim for violation of the Fourth Amendment.

**B. Retaliation under the First Amendment**

Plaintiff alleges that his rights under the First Amendment were violated by Defendants Avila, Garay, and the State of California stating he suffered retaliation by being refused a form to file a written complaint and by pretextual traffic stops.

Generally, " 'the First Amendment prohibits government officials from subjecting an individual to retaliatory actions' for engaging in protected speech." Nieves v. Bartlett, 587 U.S. ___, 139 S. Ct. 1715, 1722 (2019) (quoting Hartman v. Moore, 547 U.S. 250, 256 (2006).  To state a claim for retaliation against a government official in violation of the First Amendment, a plaintiff must plead that "(1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action." Mulligan v. Nichols, 835 F.3d 983, 988 (9th Cir. 2016) (quoting Blair v. Bethel Sch. Dist., 608 F.3d 540, 543 (9th Cir. 2010)).

"[T]he First Amendment protects a significant amount of verbal criticism and challenge directed at police officers." Duran v. City of Douglas, Ariz., 904 F.2d 1372, 1378 (9th Cir. 1990) (quoting City of Houston, Tex. v. Hill, 482 U.S. 451, 460 (1987)).  Where an official takes adverse action against someone based on a forbidden motive, and "non-retaliatory grounds are in fact insufficient to provoke the adverse consequences," the person injured may seek relief by bringing a First Amendment claim. Nieves, 139 S. Ct. at 1722 (quoting Hartman, 547 U.S. at 256).  To prevail on a claim of retaliation in violation of the First Amendment, the plaintiff must show "a 'causal connection' between the government defendant's 'retaliatory animus' and the plaintiff's 'subsequent injury.' " Nieves, 139 S. Ct. at 1722 (quoting Hartman, 547 U.S. at 259).

It is not sufficient to show that the official acted with a retaliatory motive toward the plaintiff, rather the motive must cause the injury.  It must be a "but-for" cause; absent the retaliatory motive, the adverse action against the plaintiff would not have been taken. Nieves, 139 S. Ct. at 1722 (quoting Hartman, 547 U.S. at 260) (recognizing that although it "may be dishonorable to act with an unconstitutional motive," an official's "action colored by some degree of bad motive does not amount to a constitutional tort if that action would have been taken anyway").  To state a claim for retaliatory arrest or prosecution, the "plaintiff must show that the retaliation was a substantial or motivating factor behind the [arrest], and, if that showing is made, the defendant can prevail only by showing that the [arrest] would have been initiated

without respect to retaliation." Nieves, 139 S. Ct. at 1725 (quoting Lozman v. Riviera Beach, 585 U.S. ––––, 138 S.Ct. 1945, 1952-53 (2018).

Plaintiff alleges that in response to criticism and complaints to Defendants Avila and Garay on or June 8, 2021, among other dates, he was denied the official form to file a complaint at the Highway Patrol Office in Visalia, California, on June 10, 2021. (Compl. 12.) However, the complaint contains no facts regarding the complaints made to Defendants Avila and Garay and there is no allegation that Defendants Avila and Garay refused to provide the complaint form. Plaintiff has failed to link Defendants Avila and Garay to the conduct alleged. Jones, 297 F.3d at 934.

Plaintiff alleges that he was subjected to a series of pretextual traffic stops based on false reasons that were actually based upon an unconstitutional retaliatory motive, including June 8, 2021, through his arrest on March 30, 2022. Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

Here, Plaintiff has alleged no facts by which the Court can infer that any named defendant violated Plaintiff's constitutional rights. Plaintiff has not included any factual allegations regarding the "pretextual" stops, what his complaints were, or who he complained to. The mere conclusory statement that an action was retaliatory is not entitled to the presumption of truth. To state a claim, Plaintiff must include supporting facts that provide sufficient information for the Court to reasonably infer that the alleged violation occurred.

Plaintiff has failed to state a claim for retaliation in violation of the First Amendment.

**C.    State Law Claims**

Plaintiff also brings claims for conversion and battery under California law.

Initially, Plaintiff is advised that under the California Government Claims Act ("GCA"),

1 "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 ... until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected." Cal. Gov't Code § 945.4.

The GCA "establishes certain conditions precedent to the filing of a lawsuit against a public entity. As relevant here, a plaintiff must timely file a claim for money or damages with the public entity. (§ 911.2.) The failure to do so bars the plaintiff from bringing suit against that entity. (§ 945.4.)" Le Mere v. Los Angeles Unified Sch. Dist., 35 Cal.App.5th 237, 246 (2019) (citations omitted.); see also Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). To state a tort claim against a public employee, a plaintiff must allege compliance with the GCA. Cal. Gov't Code § 950.6; State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1244 (Cal. 2004). "[F]ailure to allege facts demonstrating or excusing compliance with the requirement subjects a compliant to general demurrer for failure to state a cause of action." Bodde, 32 Cal.4th at 1239.

The purpose of the GCA is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." Stockett v. Assoc. of California Water Agencies Joint Powers Insurance Authority, 34 Cal.4th 441, 446 (2004) (quoting City of San Jose v. Superior Court, 12 Cal.3d 447, 455 (1974)). The claim does not need to contain the detail and specificity required of a complaint filed in court, but it must fairly describe what the defendant is alleged to have done so the entity can investigate and evaluate the claims. Stockett, 34 Cal.4th at 446.

Pursuant to the GCA, a claim must show "the date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted." § 910(c). To comply with the GCA, the facts contained in the written claim form must correspond with the facts alleged in the complaint to fairly reflect the written claim. Blair v. Superior Court, 218 Cal.App.3d 221, 223-24 (1990). A claim is not sufficient where it is entirely based upon a different set of facts from those stated in the complaint. Stevenson v. San Francisco Housing Authority, 24 Cal.App.4th 269, 277 (1994).

If an injured party fails to present a timely claim, the party can present a written application to the public entity for leave to present the claim. Cal. Gov't Code § 911.4(a). However, the application must be presented within a reasonable time, not to exceed one year after the accrual of the cause of action and must state the reason for the delay in submitting the claim. Cal. Gov't Code § 911.4(b). If the agency denies the application to present a late claim, the party may petition to the court for an order of relief. Cal. Gov't Code § 946.6(a).

Here, Plaintiff checked the box that he has complied with applicable claim statutes, but the complaint is devoid of any factual allegations demonstrating compliance with the GCA. Plaintiff is required to allege facts demonstrating compliance with the GCA to state a claim under California law. Bodde, 32 Cal.4th at 1239.

Further, Plaintiff's state law claims fail to plead sufficient facts for the Court to infer that the named defendants are liable for the misconduct alleged.

1. Battery

Plaintiff alleges a warrantless blood draw without probable cause, consent or legally justifying exigent circumstances on March 30, 2022, which he brings as a claim of battery. However, Plaintiff has failed to allege any facts to link Defendants Avila or Garay to the conduct alleged. Iqbal, 556 U.S. at 678. Plaintiff has failed to state a claim for battery.

To prevail on a claim for battery under California law Plaintiff must show "(1) the defendant touched the plaintiff or caused the plaintiff to be touched with the intent to harm or offend the plaintiff; (2) the plaintiff did not consent to the touching; (3) the plaintiff was harmed or offended by defendant's conduct; and (4) a reasonable person in plaintiff's situation would have been offended by the touching." Avina v. United States, 681 F.3d 1127, 1131 (9th Cir. 2012); Brown v. Ransweiler, 171 Cal.App.4th 516, 526–27 (2009). "A state law battery claim is a counterpart to a federal claim of excessive use of force. In both, a plaintiff must prove that the peace officer's use of force was unreasonable." Brown, 171 Cal.App.4th at 527. A claim that a police officer used excessive force during an "arrest, investigatory stop or other 'seizure' of a free citizen are analyzed under the reasonableness standard of the Fourth Amendment to the United States Constitution." Id. at 527 (quoting Munoz v. City of Union City, 120 Cal.App.4th

1077, 1102 ((2004)). The question is whether a peace officer's actions were objectively reasonable based on the facts and circumstances confronting the peace officer. Brown, 171 Cal.App.4th at 527 (quoting Munoz, 120 Cal.App.4th at 1102).

2. Conversion

Plaintiff brings a claim against Defendants Avila and Garay for conversion stating "theft-conversion of Plaintiff's dash camera, 2 Baofeng radios-scanners from Plaintiff's vehicle on March 30, 2022. (Compl. 13.) Again, Plaintiff has failed to allege any facts by which the Court can reasonably infer that Defendants Avila and Garay are liable for the conversion of Plaintiff's property. Iqbal, 556 U.S. at 678. Plaintiff has failed to state a claim for conversion.

"The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." Duenas v. Cnty. of Riverside, No. EDCV 21-01645 (SPX), 2022 WL 2163014, at *4 (C.D. Cal. May 27, 2022) (quoting Welco Electronics, Inc. v. Mora, 223 Cal. App. 4th 202, 208 (2014); see also Armstrong v. Sexson, No. CIV.S-06-2200 LKK EFB, 2007 WL 1219297, at *7 (E.D. Cal. Apr. 25, 2007); Berry v. Frazier, 90 Cal.App.5th 1258, 1271 (2023), as modified on denial of reh'g (May 15, 2023), review denied (Aug. 9, 2023). A wrongful intent or motive is not required, but the defendant's conduct must be knowing and intentional. Berry, 90 Cal.App.5th at 1271.

**D.   Eleventh Amendment Immunity**

Plaintiff brings his First Amendment retaliation claim against the State of California. (Compl. 12.) "The Eleventh Amendment bars suits for money damages in federal court against a state [and] its agencies . . ." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007), "regardless of the relief sought, unless the state unequivocally consents to a waiver of its immunity," Yakama Indian Nation v. State of Washington, 176 F.3d 1241, 1245 (9th Cir. 1999); see also Seminole Tribe of Fla. v. Florida, 116 S. Ct. 1114, 1122 (1996). Further, "a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 102 (1984). Eleventh Amendment immunity has not been abrogated with respect to claims brought under

section 1983. <u>Quern v. Jordan</u>, 440 U.S. 332, 341–42 (1979); <u>Alabama v. Pugh</u>, 438 U.S. 781–82 (1978). Plaintiff cannot bring his claims in this action against the State of California.

### E. Leave to Amend

Defendants request that Plaintiff be ordered to file a complaint that complies with the federal pleading rules. Courts freely grant leave to amend a complaint which has been dismissed. <u>See</u> Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); <u>Schreiber Distrib. Co. v. Serv-Well Furniture Co.</u>, 806 F.2d 1393, 1401 (9th Cir. 1986) ("If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000) (same). Accordingly, the Court recommends that Plaintiff be granted leave to file an amended complaint.

## IV.
## CONCLUSION AND RECOMMENDATION

The Court finds that Plaintiff's complaint is devoid of any factual allegations to state a claim for relief. The Court recommends that Defendants Avila and Garay's motion to dismiss be granted.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss, filed March 27, 2024, be GRANTED; and
2. Plaintiff be granted leave to file an amended complaint to cure the defects in his pleading.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **twenty-one (21) days** of service of this recommendation, any party may file written objections to these findings and recommendations with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified

time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**May 6, 2024**__

_____
UNITED STATES MAGISTRATE JUDGE

14