# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN DIAS, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM AVILA, et al., <br><br> Defendants. | Case No. 1:24-cv-00354-KES-SAB <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION <br><br> (ECF No. 14) |

Plaintiff is proceeding *pro se* in this action filed pursuant, in part, to 42 U.S.C. § 1983. On January 6, 2025, the assigned district judge adopted in full this Court's findings and recommendations recommending granting Defendants' motion to dismiss. (ECF No. 14.) In its order, the district judge gave Plaintiff leave to amend but admonished Plaintiff that he is "**warned that failure to timely file an amended complaint may result in the dismissal of this action with prejudice.**" (Id. at p. 2.) (emphasis in original). The district judge concluded by ordering that "[t]his matter is referred to the assigned magistrate judge for further proceedings." (Id. at p. 3.)

More than thirty days have passed, and Plaintiff has not complied with the district judge's January 6, 2025 order. The Court will now recommend that this matter be dismissed with prejudice for failure to prosecute as well as failure to comply with a court order.

/ / /

**I.**

**DISCUSSION**

Federal Rule of Civil Procedure 41(b) permits courts to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with a court order. See Fed. R. Civ. P. 41(b); see also Applied Underwriters v. Lichtenegger, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."). Similarly, Local Rule 110 permits courts to impose sanctions on a party who fails to comply with a court order. Further, the procedural rules that govern this Court are to be "construed, administered and employed by the court . . . to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Before dismissing an action under Fed. R. Civ. P. 41, a court must consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. See Applied Underwriters, 913 F.3d at 890 (noting that these five factors "must be considered" before a Rule 41 involuntarily dismissal); Malone v. U.S. Postal Service, 833 F.2d 128, 130-31 (9th Cir. 1987) (reviewing the five factors and independently reviewing the record because the district court did not make finding as to each). But see Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same but noting the court need not make explicit findings as to each); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal of pro se § 1983 action when plaintiff did not amend caption to remove "et al." as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

Upon review of the above-stated factors, the Court finds dismissal of the action is warranted. The expeditious resolution of litigation is deemed to be in the public interest. Yourish v. California Amplifier, 191 F.3d 983, 990-91 (9th Cir. 1999). Turning to the second factor, the Court's need to efficiently manage its docket cannot be overstated. Given Plaintiff

1 has failed to respond to the district judge's January 6, 2025 order, the Court's time is better spent
2 on other matters than needlessly consumed managing a case with a recalcitrant litigant.  Indeed,
3 "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the
4 rules and requirements of our courts."  Pagtalunan v. Galaza, 291 F.3d 639, 644 (9th Cir. 2002)
5 (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of
6 habeas petition where the petitioner failed to timely respond to court order, noting "the weight of
7 the docket-managing factor depends upon the size and load of the docket, and those in the best
8 position to know what that is are our beleaguered trial judges").  Delays have the inevitable and
9 inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable
10 and can prejudice a defendant, thereby satisfying the third factor.  See Sibron v. New York, 392
11 U.S. 40, 57 (1968).  Regarding the fifth factor, the Court has considered the availability of less
12 drastic sanctions but finds that its recommendation of dismissal with prejudice is proper because
13 the district court explicitly warned Plaintiff of the consequences for failure to file a timely
14 amended complaint.

15      In sum, this case cannot linger indefinitely on this Court's already overburdened docket.
16 A dismissal of this action for failure to prosecute and failure to comply with court orders is in
17 accord with Ninth Circuit precedent as well precedent governing Rule 41 dismissals.  It appears
18 Plaintiff has abandoned this action, and Plaintiff's failure to respond to the district judge's order
19 warrants the sanction of dismissal with prejudice under the circumstances.

20 **II.**
21 **ORDER AND RECOMMENDATIONS**

22      Accordingly, it HEREBY RECOMMENDED that this case be dismissed with prejudice
23 for failure to prosecute this action and/or comply with the Court's order under Fed. R. Civ. P. 41
24 and Local Rule 110.

25      These Findings and Recommendations will be submitted to the United States District
26 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen**
27 **(14) days** after being served with these Findings and Recommendations, Plaintiff may file
28 written objections with the Court, limited to 15 pages in length, including exhibits.  The

document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014), citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **March 4, 2025**

STANLEY A. BOONE
United States Magistrate Judge